UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61630-CIV-HUCK/SIMONTON

JANICE MARY MOORE SCHEIRICH,

    Plaintiff

v.

TOWN OF HILLSBORO BEACH,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS AND**

**ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT**

THIS MATTER is before the Court upon the "Motion to Dismiss; Alternatively, Motion for More Definite Statement," filed by the Defendant Town of Hillsboro Beach ("Town" or "Defendant") on November 15, 2007 (D.E. #2). The Court has considered the Motion and related memoranda. The Plaintiff, Janice Mary Moore Scheirich alleges that the Town wrongfully terminated her employment and brings two claims against the Town – one for retaliation under the Florida Whistleblowers Act, Fla. Stat. § 112.3187, and one for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000-17. For the reasons set forth below, the Court grants Motion to Dismiss and denies the Motion for More Definite Statement.

**Factual and Procedural Background[1]**

---

[1] This factual background is derived from the Plaintiff's Complaint, as the factual allegations in a complaint must be taken as true and all reasonable inferences therefrom are construed in the light most favorable to the plaintiff when reviewing a motion to dismiss. *Ziemba v. Cascade Int'l, Inc.*, 256 F. 3d 1194, 1198 n.2 (11th Cir. 2001).

On November 3, 2006, Plaintiff accepted Defendant's offer to work for Defendant as the "Town Manager," pending additional negotiations and final approval of a two-year employment agreement. Several days later, Plaintiff notified the Commission that she was three months pregnant and requested that a maternity leave clause be included in her employment agreement. On approximately November 14, 2006, Plaintiff's employment agreement, which included maternity leave language, was approved at a Public Meeting. Compl. at ¶¶ 31-32.

Plaintiff started work at the Town on December 8, 2006. During the next several months, Plaintiff states that she "uncovered" various suspected acts of "gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by employees or agents of Defendant." *Id*. at ¶ 16. These suspected acts listed in the Complaint include allegations of lost files; outstanding audit findings that had not been acted upon by the Defendant; embezzlement; potential violation of the "Sunshine Law;" and fiscal mismanagement associated with the Town's erroneous payment of sick leave and health coverage to individuals no longer employed by the Town, as well as outstanding IRS penalties. *Id.* at ¶¶ 33, 36, 38, 70, 75. The Complaint alleges that Plaintiff "uncover[d] many issues that were outlined in her February Town Manager/Clerk Report," and distributed the report to each Commissioner, the Town's consultant, and the Town Attorney on February 2, 2007. *Id.* at ¶ 46. The Complaint, however, does not explain what the report actually said, or which specific issues were actually addressed.

Plaintiff alleges that the Town Mayor Sussman made "a sexist remark about the Town manager not supervising the male maintenance worker because he did manly duties," and that on numerous occasions, he had referred to Plaintiff as "Babe," "Doll," or "Hun." *Id.* at ¶¶ 42, 50. Plaintiff alleges that she reported these activities to the Town Attorney and to one of the Town

2

Commissioners (Julie Klahr and Alan Polin, respectively). *Id.* at ¶ 102.  In addition, Plaintiff alleges that in March of 2007, she presented a letter outlining her plan for maternity leave coverage.  In response, one Commissioner agreed to speak to Plaintiff about the plan, while another refused, and the Mayor at that time, Ms. McGarry, postponed such discussions. *Id.* at ¶ 60.

In February, 2007, the Town reduced Plaintiff's job duties.  On April 10, 2007, the Town Commission voted to terminate Plaintiff from employment. Compl. at ¶¶ 20, 76.[2] Plaintiff claims that she was subjected to disparate treatment based upon her gender and that the reduction in her job duties and responsibilities "was based, at least in part, [on] Plaintiff's sex (female) and due to the fact that she was pregnant." *Id.* at ¶¶ 99.  Plaintiff filed a discrimination charge against the Defendant with the Equal Employment Opportunity Commission (EEOC).  The Complaint states that the EEOC subsequently terminated its processing of the charge without making any findings, and advised Plaintiff that she had the right to sue Defendant.

Plaintiff filed this case with the 17th Judicial Circuit Court in and for Broward County, Florida on October 8, 2007.  The Complaint alleges that Plaintiff's termination was in retaliation against Plaintiff's protected disclosures of the Town's mismanagement, in violation of the Florida Whistleblower's Act.  The Complaint also alleges that Plaintiff's termination was based in part on gender discrimination and retaliation for having complained of such discrimination, in violation of

---

[2] The Complaint contains inconsistent allegation as to the actual date that Defendant terminated Plaintiff's employment. Paragraphs 20 and 76 state that Plaintiff's last day of employment was on April 10, 2007, when the Commission voted in favor of terminating Plaintiff's employment, whereas paragraphs 12 and 82 state that Plaintiff was employed "until April 4, 2007."  At the motion to dismiss stage, the Court is to construe the facts in favor of the Plaintiff, thus, for the purposes of resolving the current motion, the Court will consider the operative date of Plaintiff's termination as April 10, 2007.

Title VII of the Civil Rights Act of 1964. On November 13, 2007, Defendant removed the case to this United States District Court. Two days later, Defendant filed the current Motion to Dismiss.

**Jurisdiction**

Original jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3) arises under federal question jurisdiction, as Plaintiff seeks to redress the alleged deprivation of her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000-17, as amended. Supplemental jurisdiction over Plaintiff's state law claim for violation of Florida's Whistleblower's Act exists pursuant to 28 U.S.C. § 1367(a).

**Legal Standard**

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir.2004) (internal quotation omitted). Determining the propriety of granting a motion to dismiss requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n.2 (11th Cir. 2001) (*citing Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief," and that statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**Discussion**

The Complaint alleges that Plaintiff's termination was in retaliation against Plaintiff's complaints of the Town's mismanagement, in violation of the Florida Whistleblower's Act, and that it was also a violation of Title VII of the Civil Rights Act of 1964. The Court addresses the federal claim first.

**Title VII Employment Discrimination**

Defendant moves to dismiss Count Two of the Complaint for failure to state a claim for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendant argues that the Complaint fails to allege the two elements of a prima facie case for employment discrimination – that Plaintiff was qualified for the job and that Defendant replaced Plaintiff with a person outside the protected class, here, a male. Defendant contends that because it hired Plaintiff with full knowledge of her pregnancy and even provided for a pregnancy clause in Plaintiff's contract, Plaintiff's allegations of employment discrimination due to her sex and her pregnancy are baseless.

A prima facie case for discrimination under the Supreme Court's *McDonnell Douglas Corp v. Green* standard requires the plaintiff to show (1) plaintiff was a member of a protected class; (2) plaintiff was qualified for her job; (3) plaintiff suffered an adverse employment action; and (4) "circumstances that support an inference of discrimination. 411 U.S. 792, 93 S. Ct. 1817 (1973). Courts in the Eleventh Circuit have construed this fourth element as one showing that similarly situated employees, who were not members of the protected class, were treated more favorably by the employer. *Wilson v. B/E Aerospace, Inc.*, 376 F. 3d 1079, 1087 (11th Cir. 2004); *Rice-Lamar v. City of Fort Lauderdale*, 232 F. 3d 836, 842-43 (11th Cir. 2000); *Toney v. Montgomery Jobs Corps*, 211 Fed. Appx. 816, 818 n.2 (11th Cir. 2006). *C.f. Maddin v. GTE of Florida, Inc.*, 33 F.

Supp. 2d 1027, 1030 (M.D. Fla. 1999) (the fourth element of the prima facie case required plaintiff to show that the adverse employment action was causally related to her protected status).

The Supreme Court has subsequently explained that this prima facie case is an evidentiary standard, not a pleading burden, and that an employment discrimination complaint need only contain "a short and plan statement of the claim," pursuant to Federal Rule of Civil Procedure 8(a). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). While the pleading need not contain specific facts establishing these elements, it must at least specify the allegations in a manner that provides sufficient notice of the basis of Plaintiff's claims. *Cooley v. Great Southern Wood Preserving*, 138 Fed. Appx. 149, 152 (11th Cir. 2005) (interpreting *Swierkiewicz*, 534 U.S. at 514). Here, Plaintiff alleges that her duties were reduced and that her employment was terminated on account of her gender and her pregnancy. Compl. at ¶¶ 96-106. The Complaint lists the events leading up to her termination, provides some relevant dates, and includes the gender of "at least some of the relevant persons involved" with her termination. *Hishon*, 476 U.S. at 73; *see Swierkiewicz*, 534 U.S. at 514. However, the Complaint fails to allege two elements of her claim for employment discrimination – that Plaintiff was qualified for her job and that similar employees, who were not members of the protected class, were treated more favorably by the Defendant. Thus, the Complaint insufficiently states an employment discrimination claim upon which relief could be granted under Title VII. Defendant's motion to dismiss Count Two for failure to state a claim is granted without prejudice.

**Florida's Whistleblower's Act**

**Statute of Limitations**

Count One asserts a claim for violation of Florida's Whistleblower's Act, which prevents agencies from taking retaliatory action against an employee who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer or employee. FLA. STAT. ch. 112.3187(2). The act is remedial in nature and should be construed liberally. *Irven v. Dep't of Health & Rehabilitative Servs.*, 790 So. 2d 403, 406 (Fla. 2001).

Defendant moves to dismiss this count on the grounds that it is time-barred and fails to state a claim because Plaintiff did not make a disclosure protected by the statute. As applied to the facts of this case, a local public employee may bring a civil action in a court of competent jurisdiction within 180 days after the action prohibited by the statute. FLA. STAT. ch. 112.3187(8)(b) (2002); *Reese v. City of Crystal River, Fla.*, 2006 US DIST LEXIS 30481, 8 (M.D. Fla. 2006). The Defendant argues that Plaintiff's claim is time-barred under Florida Statute § 112.3187(8)(b) because Plaintiff filed her claim on October 8, 2007, which is more than 180 days after the alleged date of her employment termination. As noted in the factual background section above, the Complaint inconsistently asserts two different dates of termination – one for April 4, 2007, which would render the Complaint outside the limitations period, and another for April 10, 2007, which would render it within the period. *See supra* n. 2 (comparing ¶¶ 12 and 82 with ¶¶ 20 and 76). At the motion to dismiss stage, factual inconsistencies must be resolved in favor of the non-movant. Thus, the operative date for Plaintiff's termination is April 10, 2007, rendering her October 8, 2007 claim timely.

**Failure to State a Claim**

To bring a claim for violation of Florida's Whistleblower's Act, the plaintiff must allege that "1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency's personnel action against the employee." *Walker v. Florida Dept. of Veterans' Affairs*, 925 So.2d 1149, 1150 (Fla. 4th DCA 2006) (quoting *Dep't of Transp. v. Florida Comm'n on Human Relations*, 842 So. 2d 253, 255 (Fla. 1st DCA 2003)).

Defendant argues that the Complaint has failed to show that Plaintiff made a protected disclosure. A "protected disclosure" in the context of this case constitutes an employee's written and signed complaint or a written complaint to the employee's supervisory officials. *Walker v. Fla. Dept. of Veterans' Affairs*, 925 So. 2d 1149, 1150 (Fla. 4th DCA 2006); *Crouch v. Pubic Serv. Comm'n*, 913 So. 2d 111, 111 (Fla. 1st DCA 2005) ("under the plain language of the statute, the complaints had to be in writing"); FLA. STAT. ch. 112.3187(7) (2002).[3] The purpose of this requirement "is to document what the employee disclosed, and to whom the employee disclosed it, thus avoiding problems of proof for purposes of the Whistleblower's Act." *Hutchinson v. Prudential Ins. Co. of Am., Inc.*, 645 So. 2d 1047, 1050 (Fla. 3d DCA 1994) (finding a signed letter to be sufficient). In response, Plaintiff points to various paragraphs of the Complaint which Plaintiff

---

[3] In relevant part, § 112.3187(7) reads:
> This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; or who initiate a complaint through the whistle-blower's hotline or the hotline of the Medicaid Fraud Control Unit of the Department of Legal Affairs; or employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Florida Commission on Human Relations.

Fla. Stat. ch. 112.3187(7) (2002).

8

believes properly allege that she made a written complaint. These paragraphs state that Plaintiff "discovered," "was made aware of," "expressed," "reported," "made others aware of," sent emails to and had a "phone conversation" with other Town Commissioners, Town employees, the Vice Mayor and Mayor regarding the various allegations of mismanagement. *See* Compl. at ¶¶ 16, 22, 23, 38, 39, 70, 74, 75. The Court agrees with the Plaintiff in part.

Though vague, the Complaint alleges that the Plaintiff sent written and emailed complaints to the Defendant regarding her suspicions of various instances of mismanagement. *See e.g.,* Compl. ¶37 (referencing a report), ¶ 39 (referencing a letter to a Commissioner). For instance, Plaintiff alleges that she produced a January Town Manager/ Clerk Report which was distributed to each Commissioner and the Town Attorney on January 5, 2007. *See e.g.,* Compl. ¶ 37. As alleged, it is unclear what the substance of the Report was and whether it actually stated a complaint for the purposes of the Whistleblower's Act. To the extent that they otherwise comport with § 112.3187(7), emailed complaints, in addition to paper complaints, fall within the statute. Paragraphs 39, 44, 46, 68, 70 and 75 of the Complaint allege that Plaintiff sent emails to various Town Commissioners regarding potential instances of mismanagement and violations of the law. These alleged complaints in the form of a report, letter, and email messages meet the writing requirement of § 112.3187(7), however as pleaded the allegations are insufficient to constitute disclosures protected by the Whistleblower's Act because they are too vague.

Conversely, it is clear to the Court that allegations of personal epiphanies, phone conversations, and verbal discussions do not amount to protected disclosures under § 112.3187(7). *See Crouch*, 913 So. 2d at 111-112 (holding that verbal complaints did not constitute protected disclosures). Thus, those allegations in the Complaint that state that Plaintiff "discovered" or

9

became "aware of" certain alleged acts of mismanagement are not protected disclosures within the meaning of the statute.  Likewise, those alleged conversations in which Plaintiff verbally "expressed," "reported," or "made others aware of" such mismanagement are not covered by the statute.

From the face of the Complaint, however, the manner in which many of these complaints were communicated – verbally or in writing – is ambiguous.  Furthermore, if they were written, it is not clear whether they document what information was disclosed and to whom, as required by § 112.3187(7).  *See Walker*, 925 So. 2d at 1150 (finding that "even [under] a liberal construction of the statute," invoices documenting necessary auto repairs did not qualify as protected disclosures in alleged whistleblowing of safety violations, because they did not document what the employee disclosed and to whom the employee disclosed it).

Accordingly, the motion to dismiss Count One for failure to allege a protected disclosure is granted without prejudice.  Should Plaintiff file an amended complaint, Plaintiff must specify which writings form the basis of her claim, and with regard to each writing, the nature of the writing, the subject matter and content of what was disclosed, when it was sent, to whom the writing was sent and whether such complaints were signed in the event that they were not sent to a supervisor.  *See* § 112.3187(7); *Hutchinson*, 645 So. 2d 1047; *Walker*, 925 So. 2d at 1150.  In addition, Plaintiff must clarify the actual date of her termination.

**Conclusion**

For the reasons stated above it is

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED WITHOUT PREJUDICE. The Motion For a More Definite Statement is DENIED. Plaintiff has leave to file an amended complaint by **January 29, 2008**, addressing the deficiencies discussed above.

DONE in Chambers, Miami, Florida, this 18th day of January, 2008.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record